**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leland Harris Clark,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CV 18-2847-PHX-RM (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on September 11, 2018, by Leland Harris Clark, an inmate currently held in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. Clark's two claims are procedurally defaulted.

Summary of the Case

Clark was convicted after pleas of guilty in Pinal County Superior Court to drug possession in CR2015-03807, credit card theft in CR2016-00086, and burglary in CR2014-02645. (Doc. 16, p. 1) On July 19, 2016, Clark was sentenced to 4.5 years' incarceration in the drug possession case and 1.5 years in the credit card theft case, sentences to run concurrently

to each other and concurrently with a sentence imposed in a separate Maricopa County case, failure to register as a sex offender. (Doc. 16, p. 8); (Doc. 16-1, pp. 120-121, 148-149) Clark received no presentence incarceration credit for either case. *Id.* At the same time, Clark was sentenced to a 5-year period of supervised probation in the burglary case. (Doc. 16, p. 8) (Doc. 16-1, pp. 96-98) The sentence was run consecutively to the sentences for drug possession, credit card theft, and the Maricopa County case. *Id.* It appears that Clark received 117 days of presentence incarceration credit in the burglary case. *Id.*; (Doc. 16-1, pp. 84-85)

On August 9, 2016, Clark filed notice of post-conviction relief (PCR) in the drug possession case and the credit card theft case[1]. (Doc. 16-1, pp. 169-171) That same day, he filed a PCR petition in which he argued he was entitled to 117 days of presentence incarceration credit for the drug possession case because he was given 117 days of credit for the burglary case. (Doc. 16-1, pp. 173-176) On December 15, 2016, appointed PCR counsel advised the court that she could find no meritorious issues to raise. (Doc. 16-1, p. 182)

Clark filed a pro se PCR petition on January 9, 2017. (Doc. 16-1, p. 185) He argued that the 117 days of presentence credit should have been applied to his drug possession and credit card theft sentences. (Doc. 16-1, p. 185) The trial court denied the PCR petition on April 7, 2017, finding "no error in the time credit calculation." (Doc. 16-1, p. 202) Clark did not seek review from the Arizona Court of Appeals. (Doc. 16, p. 10); (Doc. 16-2, p. 104)

On November 8, 2017, Clark filed a second notice of PCR in the drug possession and credit card theft cases. (Doc. 16-2, p. 28) He filed a PCR petition on the same day in which he argued 105 days of sentencing credit should have been applied to his drug possession/credit card theft cases and not his burglary case. (Doc. 16-2, pp. 32-38); (Doc. 16-2, p. 104) On November 20, 2017, the trial court denied the petition. (Doc. 16-2, p. 40)

Clark filed a petition for review on December 12, 2017. (Doc. 16-2, pp. 59-62) On May 25, 2018, the Arizona Court of Appeals granted review but denied relief because the petition

---

[1] The court recognizes that Clark could be entitled to an earlier constructive filing date pursuant to the "prison mailbox rule." The court does not pursue the issue because it assumes, without deciding, that the petition is timely.

- 2 -

was untimely and successive. (Doc. 16-2, pp. 103-105) Clark filed a petition for review with the Arizona Supreme Court on June 27, 2018. (Doc. 16-2, pp. 111-122) That court denied the petition without comment on August 24, 2018. (Doc. 16-2, p. 130)

Clark filed a third PCR notice on December 13, 2018. (Doc. 16-2, pp. 132-134) He filed a petition the same day arguing he was entitled to 257 days of jail credit when the Maricopa Case was dismissed so that credit should be applied to the drug possession and credit card theft cases. (Doc. 16-2, pp. 136); (Doc. 16-2, p. 141) ("On March 30, 2018, 766 days after sentencing the State moved to dismiss" the Maricopa County case.) On January 9, 2019, the trial court denied the petition because presentence incarceration credit can only be applied once where consecutive sentences are imposed. (Doc. 16-2, pp. 141-142) Clark filed a petition for review on January 22, 2019. (Doc. 16-2, p. 168) Neither party has informed the court whether a ruling has been issued.

Previously, on September 11, 2018, Clark filed the pending petition for writ of habeas corpus in this court. (Doc. 1) He claims (1) trial counsel was ineffective for failing to investigate and present evidence that he was entitled to 105 days of presentence credit and (2) the trial court failed to hold an evidentiary hearing to determine if he was due 105 days of presentence credit. *Id.* Clark asserts that his claims were presented to the Arizona Court of Appeals in his second PCR petition. (Doc. 1, pp. 6, 7) The court assumes without deciding that both claims are cognizable in a habeas corpus proceeding.

The respondents filed an answer on March 7, 2019, arguing, among other things, that Clark's two claims are procedurally defaulted. (Doc. 16) Clark filed a reply on March 18, 2019 in which he argues he is entitled to 105 days of presentence credit because that time was never credited to any of his sentences. (Doc. 17) He does not address the issue of procedural default. *Id.*

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is

- 3 -

in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.* If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those claims for which the petitioner has already sought redress in the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Id.*

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S.

- 4 -

1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would raise a procedural bar if it were presented now. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

In this case, Clark maintains that he presented his two claims to the Arizona Court of Appeals in his petition for review from the trial court's denial of his second PCR petition. (Doc. 1, pp. 6, 7) He did not. In that petition for review, Clark argued that he was entitled to 105 days of presentence incarceration credits. (Doc. 16-2, pp. 59-62) He did not argue that trial counsel

was ineffective or that the trial court erred by failing to hold an evidentiary hearing[2]. *Id*. Accordingly, he did not fairly present his two habeas claims to the Arizona Court of Appeals.

Moreover, Clark is precluded from returning to state court and presenting them now. *See* Ariz.R.Crim.P. 32.2(a) (Claims that could have been presented before are precluded.), 32.4(a) (PCR of-right notice must be filed no later than 90 days after entry of judgment and sentence.). They are procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Clark does not argue in his reply brief that this default should be excused.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1) Clark's two habeas claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 3rd day of June, 2019.

_____
Leslie A. Bowman
United States Magistrate Judge

---

[2] If he did raise those arguments, Clark would still be out of luck because the Arizona Court of Appeals declined to address the merits of the petition for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).